Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: pbyrne@swlaw.com
       mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: 312.853.7000
Facsimile: 312.853.7036
Email: wcarlson@sidley.com
       lawrence.fogel@sidley.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW TURESKY, derivatively on behalf of LAS VEGAS SANDS CORP., <br><br> Plaintiff <br><br> v. <br><br> DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, ROBERT G. GOLDSTEIN, IRWIN CHAFETZ, MICHELINE CHAU, CHARLES D. FORMAN, STEVEN L. GERARD, GEORGE JAMIESON, CHARLES A. KOPPELMAN, LEWIS KRAMER, and DAVID F. LEVI, <br><br> Defendants <br><br> and <br><br> LAS VEGAS SANDS CORP., <br><br> Nominal Defendant | Case No. 2:20-cv-02340-CDS-MDC <br><br> **STIPULATION AND ORDER** <br><br> **(First Request)** |

Plaintiff Andrew Turesky ("Plaintiff"), Nominal Defendant Las Vegas Sands Corp. ("LVSC"), and Defendants Dr. Miriam Adelson, in her capacity as Special Administrator of the estate of Sheldon G. Adelson, Patrick Dumont, Robert G. Goldstein, Irwin Chafetz, Micheline Chau, Charles D. Forman, Steven L. Gerard, George Jamieson, Charles A. Koppelman, Lewis Kramer, and David F. Levi (the "Individual Defendants," together with LVSC, the "Defendants"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on December 28, 2020, Plaintiff filed this stockholder derivative action on behalf of Nominal Defendant LVSC alleging violations of the federal securities laws and breaches of fiduciary duty (the "Derivative Action");

WHEREAS, in his Complaint, Plaintiff alleges, among other things, that the Individual Defendants breached their fiduciary duties by making and/or causing LVSC to make false and misleading statements, and by causing and/or allowing conduct that was the subject of the alleged misstatements, and thereby subjected LVSC to damages, including potential liability in a putative class action filed a few months earlier, *The Daniels Family 2001 Revocable Trust v. Las Vegas Sands Corp.*, Case No. 2:20-cv-01958 (D. Nev.) (the "Securities Action"), which involved allegations substantially similar to those made in the Derivative Action;

WHEREAS, on February 23, 2021, the parties to the Derivative Action filed a joint stipulation to stay the Derivative Action (including all discovery) until 30 days after the final resolution of the motion to dismiss in the Securities Action (ECF No. 12);

WHEREAS, on February 24, 2021, Judge Gordon granted the joint stipulation and stayed the Derivative Action (ECF No. 14);

WHEREAS, on March 28, 2022, the motion to dismiss the amended complaint in the Securities Action was granted in its entirety (ECF No. 74), and plaintiffs in the Securities Action filed a second amended complaint on April 18, 2022 (ECF No. 77);

WHEREAS, on August 7, 2023, the motion to dismiss the second amended complaint in the Securities Action was granted in part and denied in part (ECF No. 108), and defendants in the Securities Action moved for partial reconsideration on August 22, 2023 (ECF No. 109);

1   WHEREAS, on January 2, 2024, the court issued an amended order, dismissing the second
2   amended complaint in the Securities Action in its entirety (ECF No. 147);

3   WHEREAS, on February 26, 2024, the Securities Action was dismissed with prejudice
4   (ECF No. 152), and final judgment was entered on February 27, 2024 (ECF No. 153);

5   WHEREAS, on February 27, 2024, the Court lifted the stay in this Derivative Action and ordered
6   the parties to meet and confer and submit a proposed scheduling order by March 12, 2024 (ECF No. 33);

7   WHEREAS, the deadline for plaintiffs in the Securities Action to file a notice of appeal of
8   the final judgment is March 28, 2024;

9   WHEREAS, the parties in this Derivative Action believe that, before submitting a proposed
10  scheduling order, it would be helpful to know whether an appeal will be taken in the Securities Action;

11  WHEREFORE, the parties in this Derivative Action have met and conferred and, through
12  their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an
13  order as follows:

14  1.   The parties' deadline to submit a proposed scheduling order is extended to April 11, 2024,
15  which is 14 days after the deadline for plaintiffs in the Securities Action to file a notice of appeal.

16  **IT IS SO STIPULATED.**

17  Dated: March 8, 2024

| **LEVERTY & ASSOCIATES LAW CHTD**. | **SNELL & WILMER, L.L.P.** |
|---|---|
| By: */s/* Patrick R. Leverty | By: */s/* Patrick G. Byrne |
| Patrick R. Leverty<br>Reno Gould House<br>832 Willow Street<br>Reno, NV 89502 | Patrick G. Byrne, Esq.<br>Morgan Petrelli, Esq.<br>3883 Howard Hughes Parkway, Ste. 1100<br>Las Vegas, NV 89169 |
| Phillip Kim, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016 | Walter C. Carlson (*Pro Hac Vice*)<br>Lawrence P. Fogel (*Pro Hac Vice*)<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, Illinois 60603 |
| Timothy Brown<br>THE BROWN LAW FIRM, P.C.<br>767 Third Avenue, Suite 2501<br>New York, NY 10017 | |

**ORDER**

IT IS HEREBY ORDERED that the parties' stipulation to extend the deadline to submit a proposed scheduling order [ECF No. 34] is GRANTED, nunc pro tunc, and the deadline is extended to April 11, 2024.

Dated: March 13, 2024

_____
Honorable Cristina D. Silva
United States District Judge

3