Patrick G. Byrne (Nevada Bar #7636)
Morgan Petrelli (Nevada Bar #13221)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: pbyrne@swlaw.com
        mpetrelli@swlaw.com

Walter C. Carlson (*Pro Hac Vice*)
Lawrence P. Fogel (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: 312.853.7000
Facsimile: 312.853.7036
Email: wcarlson@sidley.com
        lawrence.fogel@sidley.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ANDREW TURESKY, derivatively on behalf of LAS VEGAS SANDS CORP.,

Plaintiff

v.

DR. MIRIAM ADELSON, in her capacity as Special Administrator of the estate of SHELDON G. ADELSON, PATRICK DUMONT, ROBERT G. GOLDSTEIN, IRWIN CHAFETZ, MICHELINE CHAU, CHARLES D. FORMAN, STEVEN L. GERARD, GEORGE JAMIESON, CHARLES A. KOPPELMAN, LEWIS KRAMER, and DAVID F. LEVI,

Defendants

and

LAS VEGAS SANDS CORP.,

Nominal Defendant

Case No. 2:20-cv-02340-CDS-MDC

**STIPULATION OF DISMISSAL AND ORDER**

Plaintiff Andrew Turesky ("Plaintiff"), Nominal Defendant Las Vegas Sands Corp. ("LVSC"), and Defendants Dr. Miriam Adelson, in her capacity as Special Administrator of the estate of Sheldon G. Adelson, Patrick Dumont, Robert G. Goldstein, Irwin Chafetz, Micheline Chau, Charles D. Forman, Steven L. Gerard, George Jamieson, Charles A. Koppelman, Lewis Kramer, and David F. Levi (the "Individual Defendants," together with LVSC, the "Defendants"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on December 28, 2020, Plaintiff filed this stockholder derivative action on behalf of Nominal Defendant LVSC alleging violations of the federal securities laws and breaches of fiduciary duty (the "Derivative Action");

WHEREAS, in his Complaint, Plaintiff alleges, among other things, that the Individual Defendants breached their fiduciary duties by making and/or causing LVSC to make false and misleading statements, and by causing and/or allowing conduct that was the subject of the alleged misstatements, and thereby subjected LVSC to damages, including potential liability in a putative class action filed a few months earlier, *The Daniels Family 2001 Revocable Trust v. Las Vegas Sands Corp.*, Case No. 2:20-cv-01958 (D. Nev.) (the "Securities Action"), which involved allegations substantially similar to those made in the Derivative Action;

WHEREAS, on February 23, 2021, the parties to the Derivative Action filed a joint stipulation to stay the Derivative Action (including all discovery) until 30 days after the final resolution of the motion to dismiss in the Securities Action (ECF No. 12);

WHEREAS, on February 24, 2021, Judge Gordon granted the joint stipulation and stayed the Derivative Action (ECF No. 14);

WHEREAS, on March 28, 2022, the motion to dismiss the amended complaint in the Securities Action was granted in its entirety (ECF No. 74), and plaintiffs in the Securities Action filed a second amended complaint on April 18, 2022 (ECF No. 77);

WHEREAS, on August 7, 2023, the motion to dismiss the second amended complaint in the Securities Action was granted in part and denied in part (ECF No. 108), and defendants in the Securities Action moved for partial reconsideration on August 22, 2023 (ECF No. 109);

2

1    WHEREAS, on January 2, 2024, the court issued an amended order, dismissing the second

2    amended complaint in the Securities Action in its entirety (ECF No. 147);

3    WHEREAS, on February 26, 2024, the Securities Action was dismissed with prejudice

4    (ECF No. 152), and final judgment was entered on February 27, 2024 (ECF No. 153), placing the

5    deadline for plaintiffs in the Securities Action to file a notice of appeal of the final judgment at

6    March 28, 2024;

7    WHEREAS, on February 27, 2024, the Court lifted the stay in this Derivative Action and

8    ordered the parties to meet and confer and submit a proposed scheduling order by March 12, 2024

9    (ECF No. 33);

10   WHEREAS, the parties in this Derivative Action agreed that, before submitting a proposed

11   scheduling order, it would be helpful to know whether an appeal would be taken in the Securities

12   Action. Accordingly, on March 8, 2024, the parties in this Derivative Action submitted a Stipulation

13   and Proposed Order requesting an extension on their deadline to submit a proposed scheduling

14   order to April 11, 2024 (ECF No. 34), which the Court granted on March 13, 2024 (ECF No. 35);

15   WHEREAS, on March 28, 2024, the deadline to appeal the dismissal in the Securities

16   Action expired, no appeal was taken, and the judgment in the Securities Action is now final;

17   WHEREAS, the parties in this Derivative Action met and conferred regarding next steps in

18   this Action, and discussed Defendants' position that Plaintiff's claims lack viability and should be

19   dismissed, including because of the dismissal of the Securities Action;

20   WHEREAS, following careful consideration of the circumstances, including the dismissal

21   with prejudice of the Securities Action, Plaintiff agreed to voluntarily dismiss this Derivative

22   Action without prejudice pursuant to Federal Rules of Civil Procedure 41(a) and 23.1(c);

23   WHEREAS, no notice of the voluntary dismissal to stockholders is required or warranted

24   under Federal Rule of Civil Procedure 23.1(c) because there is: (i) no settlement or compromise

25   involved; (ii) no collusion among the parties; (iii) no payment made to any party or their counsel;

26   (iv) no preclusive effect on any other action or stockholder to pursue claims due to the voluntary

27   nature of the dismissal; and (v) because this dismissal is without prejudice;

28

3

1  WHEREAS, the parties have met and conferred and agree to bear their own fees, costs,

2  and/or expenses;

3  WHEREFORE, subject to the Court's approval, the parties stipulate and agree as follows:

4  1.  The parties' deadline to submit a proposed scheduling order by April 11, 2024 is

5  vacated.

6  2.  Pursuant to Federal Rules of Civil Procedure 23.1(c) and 41(a), this Derivative

7  Action shall be dismissed in its entirety as to all Defendants without prejudice;

8  3.  Each party shall bear its own fees, costs, and/or expenses; and

9  4.  For the reasons stated above, no notice of the dismissal is required under Federal

10  Rule of Civil Procedure 23.1(c).

11  **IT IS SO STIPULATED.**

12  Dated: April 9, 2024

13  **LEVERTY & ASSOCIATES LAW**          **SNELL & WILMER, L.L.P.**
    **CHTD**.
14

15  By: */s/ Patrick R. Leverty*                       By: */s/ Patrick G. Byrne*
        Patrick R. Leverty                                 Patrick G. Byrne, Esq.
16      Reno Gould House                                   Morgan Petrelli, Esq.
        832 Willow Street                                  3883 Howard Hughes Parkway, Ste. 1100
17      Reno, NV 89502                                     Las Vegas, NV 89169

18      Phillip Kim, Esq.                                  Walter C. Carlson (*Pro Hac Vice*)
        THE ROSEN LAW FIRM, P.A.                           Lawrence P. Fogel (*Pro Hac Vice*)
19      275 Madison Avenue, 40th Floor                     SIDLEY AUSTIN LLP
        New York, NY 10016                                 One South Dearborn Street
20                                                         Chicago, Illinois 60603

21      Timothy Brown
        THE BROWN LAW FIRM, P.C.
        767 Third Avenue, Suite 2501
22      New York, NY 10017

23  <u>**ORDER**</u>

24  Based on the parties' stipulation, this case is dismissed without prejudice, with each party

25  to bear its own costs and fees. The Clerk of Court is kindly instructed to close this case. **IT IS SO
    ORDERED.**

26

27  _____
    Honorable Cristina D. Silva
28  United States District Judge
    Dated: April 10, 2024

LAW OFFICES
Snell & Wilmer
L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200